2. Criminal law ☞1184, 1208(9)—Three years' penitentiary sentence for theft of more than $50 does not give benefit of indeterminate sentence and should in proper case be changed to do so (Code Cr. Proc. 1925, art. 775).

On conviction for theft of property worth more than $50, sentence of three years in penitentiary fails to give defendant benefit of indeterminate sentence, and under Code Cr. Proc. 1925, art. 775, should be reformed to condemn defendant to imprisonment for not less than two nor more than three years.

On Motion for Rehearing.

3. Criminal law ☞1088(14), 1128(1)—Appellate court cannot consider statement of facts nor bills of exceptions not in record, although they may be in office of trial court clerk.

On appeal from conviction, appellate court cannot consider statement of facts or bills of exceptions which do not appear in record, and fact that such documents may be in office of clerk of trial court does not entitle them to consideration.

Appeal from Criminal District Court, Dallas County; Grover Adams, Judge.

D. Kirkpatrick was convicted of the theft of property of over the value of $50, and he appeals. Reformed and affirmed.

E. L. Roark, of Dallas, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for theft of property over the value of $50, punishment being three years in the penitentiary.

[1, 2] The record contains neither statement of facts nor bills of exception, hence nothing is presented for review. However, we notice that in sentencing appellant the court inadvertently omitted to give him the benefit of the indeterminate sentence. Article 775, C. C. P. 1925. The sentence is reformed to condemn appellant to confinement in the penitentiary for not less than two nor more than three years.

As thus reformed, the judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, J.   [3] In the motion for rehearing on file appellant asserts that we erred in our affirmance, and that the error will be demonstrated by an inspection of the statement of facts and bills of exception, which, he asserts, have been discovered to be on file within the time prescribed by law. If these facts so stated be true, we regret very much they are not verified by the presentation of said documents. We cannot consider a statement of facts nor bills of exception which do not appear in a record, and the fact that such documents may be in the office of the clerk of the trial court in no way brings them here. The motion for rehearing not being accompanied by an application for a writ of certiorari or any showing that the statement of facts and bills of exception were properly filed or are within the reach of this court, the motion for rehearing will be overruled.

---

## LAWLER v. STATE.   (No. 11829.)

Court of Criminal Appeals of Texas.   April 25, 1928.

Criminal law ☞1131(1, 5)—Appeal will be dismissed both because defendant, after conviction, escaped, depriving appellate court of jurisdiction, and because of his request therefor (Code Cr. Proc. 1925, art. 824).

Both because of defendant's escape after conviction, whereby, under Code Cr. Proc. 1925, art. 824, the Court of Criminal Appeals lost jurisdiction of his appeal, and because defendant has filed an affidavit stating that he does not wish to prosecute his appeal further, and requesting that it be dismissed, appeal will be dismissed.

Appeal from District Court, Midland County; Chas. L. Klapproth, Judge.

Teague Lawler was convicted of robbery, and he appeals. Appeal dismissed.

W. Edward Lee, of Midland, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HAWKINS, J. Conviction is for robbery with firearms; punishment being confinement in the penitentiary for life.

For two reasons the appeal will be dismissed. It appears from the affidavit of the sheriff that, after conviction, appellant assaulted the jailer, made his escape, and was not recaptured by the officers until the third day after such escape. By reason of such escape under article 824, C. C. P., this court loses jurisdiction of the appeal. Also there has been filed in this court an affidavit from appellant advising that he does not wish to prosecute his appeal further, and requesting that it be dismissed.

For both reasons, the appeal is dismissed.